FRANCESCO PIRLO

*v.*

STATE WORKMEN'S COMPENSATION COMMISSIONER

(No. 14000)

Decided March 7, 1978.

*Robert F. Cohen, Jr.,* for appellant.

No appearance for appellee.

McGRAW, JUSTICE:

This appeal involves a claim for occupational pneumoconiosis benefits which was denied by the Workmen's Compensation Appeal Board as being untimely filed on two grounds: (1) the claim was not timely filed under the statute in effect at the date of claimant's last exposure to the hazards of occupational pneumoconiosis, and (2) even if subsequent amendments to the statute in effect at the date of the injury were applicable to the

claim, claimant failed to file within the time period required by such amendments.

Claimant was last exposed to the hazards of occupational pneumoconiosis on March 15, 1968, when he ceased his employment with the Greer Limestone Company where he had been employed in various capacities a total of some forty-one years. He testified that he was first advised by a doctor that he was suffering from pneumoconiosis in 1972, and he filed his claim for occupational pneumoconiosis benefits on January 25, 1975.

This Court held in *Lester v. State Workmen's Compensation Commissioner*, No. 13960 (W.Va. filed March 7, 1978), that amendments to W.Va. Code § 23-4-15, establishing different periods of limitation on the filing of claims for occupational pneumoconiosis, were basically procedural and as such were applicable to accrued claims which had at no point become barred by the previously existing period of limitation.

An examination of the effective dates of the amendments to W.Va. Code § 23-4-15 reveals that claimant's claim which accrued on March 15, 1968, at no time was barred by any limitation period contained in W.Va. Code § 23-4-15 before an amendment thereto became effective having the effect of giving claimant additional time within which to file. Therefore, the Workmen's Compensation Appeal Board committed an error of law and was clearly wrong in applying the law in effect at the date of the claimant's last exposure to the hazards of occupational pneumoconiosis under the law enunciated in *Lester v. State Workmen's Compensation Commissioner*, No. 13960 (W.Va. filed March 7, 1978).

Under the *Lester* rule, the law applicable to claimant's application for occupational pneumoconiosis is W.Va. Code § 23-4-15 [1971], which requires such a claim to be filed "within three years from and after the day on which the employee was last exposed to the particular occupational hazard involved or within three years from and after the employee's occupational pneumoconiosis

was made known to him by a physician or which he should reasonably have known, whichever shall last occur . . . ."

The Appeal Board found that claimant did not file his claim within three years after his occupational pneumoconiosis was made known to him by a physician, but the record reveals an x-ray report, ordered by the physician who first informed claimant he was suffering from occupational pneumoconiosis, dated the 2nd day of October, 1972.

While a finding of fact by the Appeal Board is not to be disturbed unless shown to be clearly wrong, such a rule is not applicable where the facts are undisputed, and the record will admit of reasonable inferences favorable to the claimant. *Morris v. State Compensation Commissioner*, 135 W.Va. 425, 64 S.E.2d 496 (1951). The facts are not in dispute here, and the only reasonable inference favorable to the claimant is that the physician who first advised claimant that he had contracted occupational pneumoconiosis did so on or after the date of the x-ray report. The claimant having filed for occupational pneumoconiosis benefits on January 25, 1975, thus filed his claim well within the prescribed three year period. The record thus supports a finding that the claim was timely filed.

Accordingly, the order of the Appeal Board, dated May 26, 1977, is hereby reversed with directions that the claim be ordered timely filed. It is further ordered that this Court's ruling be certified to the Workmen's Compensation Appeal Board and to the Workmen's Compensation Commissioner pursuant to the provisions of W.Va. Code § 23-5-4.

*Reversed and remanded with directions.*